FILED
MAY 13 2008
MAY 13 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DURABLE MANUFACTURING COMPANY, CESAR ARZETA, ALU-BRA FOUNDRY INCORPORATED, PABLO HERNANDEZ, BAR G FARMS, INC., N/K/A MCCARTHY FARM, INC., URBANO RUIZ, WRIGHT TECHNOLOGIES, INC., JAROSLAW SKORSKI, PLONSKI MEDICAL GROUP S.C., DOMINIKA DUDA, ZIYAD BROTHERS IMPORTING, EMIN ASKAROGLU, COUNTRY LANDSCAPING AND SUPPLY, INC., MANUEL QUINTANA, ADD ON GLASS, INC., WITOLD ROJEK, AURELIO AND SONS MASONRY, INC., JOSE TORRES, WHITE COTTAGE PIZZERIA, EVARISTO LUNA HERNANDEZ, WIGHTMAN HOMES, INC., JAROMIR NEMCIK, MALNATI ORGANIZATION, D/B/A LOU MALNATI'S, GUSTAVO RAMOS, and CARLOS FIGUEROA, FOSTER & BROADWAY AMOCO, N/K/A DIKUJE GROUP, INC. BOLIVAR BAUTISTA, CASTELAN, POLEXPORT, INC and PAWEL ANDRZEJEWSKI, <br><br> Plaintiffs, <br><br> vs. <br><br> UNITED STATES DEPARTMENT OF LABOR, EMPLOYMENT AND TRAINING ADMINISTRATION and UNITED STATES DEPARTMENT OF HOMELAND SECURITY, BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> **08CV2782** <br> **JUDGE ST EVE** <br> **MAG. JUDGE KEYS** |

**COMPLAINT FOR DECLARATORY JUDGMENT**
**MANDAMUS AND INJUNCTIVE RELIEF**

Plaintiffs, Durable Manufacturing Company, Cesar Crisanto Arzeta, Alu-Bra

Foundry Incorporated, Pablo Hernandez, Bar G. Farm, Inc., n/k/a McCarthy Farm, Inc.,

Urbano Ruiz, Wright Technologies, Inc., Jaroslaw Skorski, Plonski Medical Group S.C., Dominika Duda, Ziyad Brothers Importing, Enim Askaroglu, Country Landscaping and Supply, Inc., Manuel Quintana, Add on Glass, Inc., Witold Rojek, Aurelio and Sons Masonry, Inc., Jose Torres, White Cottage Pizzeria, Evaristo Luna Hernandez, Wightman Homes, Inc., Jaromir Nemcik, Malnati Organization, Inc., d/b/a Lou Malnati's, Gustavo Ramos, and Carlos Figueroa, Foster & Broadway AMOCO, n/k/a Dikuje Group, Inc., Bolivar Bautista Castelan, Polexport, Inc. and Pawel Andrzejewski by their attorneys, Richard J. Puchalski and Donald E. Puchalski, complaining against the defendants, United States Department of Labor (hereinafter "DOL"), Employment and Training Administration and United States Department of Homeland Security, Bureau of Citizenship and Immigration Services (hereinafter "CIS"), allege as follows:

## JURISDICTION, VENUE AND PARTIES

(1) This is an action for declaratory and injunctive relief pursuant to 28 U.S.C. Section 2201 and 28 U.S.C. Section 1331 and authorized by the Administrative Procedure Act, 5 U.S.C. 706. Jurisdiction is also based under 8 U.S.C. Section 1182 (a) (5) (A), relating to skilled workers and their ability to secure rights to permanent residence under the Immigration and Nationality Act. Furthermore, jurisdiction is also predicated under 8 U.S.C. §1153 (b) (3) (A) (i) of that same Act. In addition, jurisdiction is also based under the Mandamus Act, 28 U.S.C. §1361, and under the Equal Access to Justice Act (EAJA), 28 U.S.C. §2412.

(2) Plaintiffs seek declaratory and injunctive relief relating to the defendant DOL's promulgation of regulations limiting the validity of labor certification applications and the defendant CIS's refusal to process visa petitions filed by the plaintiffs. Plaintiffs also seek a writ of mandamus ordering the CIS to process the immigrant visa petitions filed by certain plaintiffs.

(3) Venue lies in this Court under 28 U.S.C. Section 1391 (e), since the plaintiffs' labor certification applications were initially filed in the Chicago office of the DOL, and the plaintiffs reside within the Northern District of Illinois.

(4) The purpose of this action is to determine questions of law between the parties and to set aside agency determinations that are erroneous as a matter of law and which is arbitrary, discriminatory, an abuse of discretion, and not in accordance with the law. Plaintiffs also seek to compel agency action unlawfully withheld.

(5) Defendant DOL, is the governmental body with the authority to issue alien labor certifications to employers and aliens seeking permanent resident status based upon present or prospective employment. In that capacity, the DOL determines: (A) whether or not there are sufficient United States workers who are able, willing, qualified, and available at the time of the application for a visa and at the place where the alien is to perform the work, and (B) whether or not the employment of the alien will adversely affect the wages and working conditions of the United States workers similarly employed. A decision by the DOL to grant a labor certification constitutes an assessment that United States workers are not available for the job in question and that the

3

employment of the alien worker will not adversely affect the policies of the Immigration and Nationality Act, 8 U.S.C. §1101 et seq..

(6) Defendant, CIS, is the governmental body with the authority to grant immigrant visas to aliens seeking permanent resident status. As part of this authority, the CIS has the exclusive power to grant immigrant visas to aliens based upon their employment in the United States.

(7) Plaintiff, Durable Manufacturing Company is a manufacturing company with its principal place of business in Bensenville, Illinois. On March 19, 2001, Durable Manufacturing Company filed a labor certification application with the DOL on behalf of one of its employees, Cesar Crisanto Arzeta.

(8) Plaintiff, Alu-Bra Foundry Incorporated is a foundry business with its principal place of business in Bensenville, Illinois. On October 12, 2001, Alu-Bra Foundry Incorporated filed a labor certification application with the DOL on behalf of one of its employees, Pablo Hernandez.

(9) Plaintiff, McCarthy Farm, Inc. is a farm with its principal place of business in Elgin, Illinois. On February 13, 2003, McCarthy Farm, Inc. filed a labor certification application with the DOL on behalf of one of its employees, Urbano Ruiz.

(10) Plaintiff, Malnati Organization d/b/a Lou Malnati's is a restaurant with its principal place of business in Northbrook, Illinois. On February 23, 2005, Plaintiff Carlos Figueroa's former employer, Gregorio's Chicago Pizzeria & Pub filed a labor certification application with the DOL on behalf of Carlos Figueroa. Lou Malnati's is the successor employer of Carlos Figueroa.

(11) Plaintiff, Country Landscaping and Supply, Inc. is a landscaping business with its principal place of business in Lemont, Illinois. On May 24, 2007, Country Landscape and Supply, Inc. filed a labor certification application with the DOL on behalf of one of its employees, Manuel Quintana.

(12) Plaintiff, Add on Glass, Inc. is a glass retrofitting business with its principal place of business in Chicago, Illinois. On February 4, 2003, Add on Glass, Inc. filed a labor certification application with the DOL on behalf of one of its employees, Witold Rojek.

(13) Plaintiff, Aurelio and Sons Masonry, Inc. is a masonry business with its principal place of business in Bartlett, Illinois. On March 9, 2007, Aurelio and Sons Masonry, Inc. filed a labor certification application with the DOL on behalf of one of its employees, Jose Torres.

(24) Plaintiff, Dikuje Group, Inc., is an auto repair company with its principal place of business in Chicago, Illinois. On April, 23, 2001, Dikuje Group, Inc. filed a labor certification on behalf of one of its employees, Bolivar Bautista Castelan.

(15) Plaintiff, Wright Technologies, Inc. is a machine shop with its principal place of business in Rosemont, Illinois. On December 3, 2002, Wright Technologies, Inc. filed a labor certification application with the DOL on behalf of one of its employees, Jaroslaw Skorski.

(16) Plaintiff, Plonski Medical Group S.C. is a medical office with its principal place of business in Chicago, Illinois. On February 4, 2004, Plonski Medical Group, S.C.

5

filed a labor certification application with the DOL on behalf of one of its employees, Dominika Duda.

(17) Plaintiff, Zivad Brothers Importing is a Middle Eastern food product manufacturer with its principal place of business in Cicero, Illinois. On February 4, 2004, Zivad Brothers Importing filed a labor certification application with the DOL on behalf of one of its employees, Emin Askaroglu.

(18) Plaintiff, White Cottage Pizzeria is a restaurant with its principal place of business in Wooddale, Illinois. On July 11, 2003, White Cottage Pizzeria filed a labor certification on behalf of one of its employees, Evaristo Luna Hernandez.

(19) Plaintiff, Wightman Homes, Inc. is a construction company with its principal place of business in Hinsdale, Illinois. On February 10, 2005, Wightman Homes, Inc. filed a labor certification on behalf of one of its employees, Jaromir Nemcik.

(20) Plaintiff, Malnati Organization d/b/a Lou Malnati's, is a restaurant with its principal place of business in Northbrook, Illinois. On April, 23, 2001, Lou Malnati's, filed a labor certification on behalf of one of its employees, Gustavo Ramos.

(21) Plaintiff, Polexport, Inc. is a communications company with its principal place of business in Chicago, Illinois. On April 19, 2001, Polexport, Inc. filed a labor certification on behalf of one of its employees, Pawel Andrzejewski.

## COUNT I

(22) Plaintiffs bring Count I of their complaint against the defendant DOL.

(23) As part of its function of determining the availability of United States Workers under 8 U.S.C. §1182 (a) (5) (A), the DOL promulgated certain regulations which are set out at 20 C.F.R Part 656.

(24) Prior to May 17, 2007, the regulations promulgated by the DOL to administer the provisions of 8 U.S.C. §1182 (a) (5) (A) provided that a labor certification, once issued, is valid indefinitely. See 20 C.F.R. §656.30(a) (1987).

(25) On May 17, 2007 the DOL amended 20 C.F.R. 656.30. The amended regulation now provides in pertinent part:

> (b) *Expiration of labor certifications.* For certifications resulting from applications filed under this part and 20 CFR part 656 in effect prior to March 28, 2005, the following applies:
> (1) An approved permanent labor certification granted on or after July 16, 2007 expires if not filed in support of a Form I-140 petition with the Department of Homeland Security within 180 calendar days of the date the Department of Labor granted certification.
> (2) An approved permanent labor certification granted before July 16, 2007 expires if not filed in support of a Form I-140 petition within the Department of Homeland Security within 180 calendar days of July 16, 2007. [20 C.F.R §656.30 (b)]

(26) The labor certification filed by Durable Manufacturing Company on behalf of Cesar Crisanto Arzeta was approved by the DOL on August 27, 2002. Durable Manufacturing Company then filed a visa petition on behalf of Cesar Crisanto Arzeta

7

with the defendant CIS, based upon the approved labor certification. On March 17, 2008, the CIS rejected the visa petition because the visa petition form was received after the 180 validity period of the labor certification established by the new regulation, 20 C.F.R §656.30 (b).

(27) The labor certification filed by Alu-Bra Foundry Incorporated on behalf of Pablo Hernandez was approved by the DOL on June 11, 2007. Alu-Bra Foundry Incorporated then filed a visa petition on behalf of Pablo Hernandez with the defendant CIS, based upon the approved labor certification. On March 28, 2008, the CIS rejected the visa petition because the visa petition form was received after the 180 validity period of the labor certification established by the new regulation, 20 C.F.R §656.30 (b).

(28) The labor certification filed by McCarthy Farm, Inc. on behalf of Urbano Ruiz was approved by the DOL on March, 22 2007. McCarthy Farm, Inc. then filed a visa petition on behalf of Urbano Ruiz with the defendant CIS, based upon the approved labor certification. On April 11, 2008, the CIS rejected the visa petition because the visa petition form was received after the 180 validity period of the labor certification established by the new regulation, 20 C.F.R §656.30 (b).

(29) The labor certification filed by Gregorio's Chicago Pizzeria & Pub, a successor employer, on behalf of Carlos Figueroa was approved by the DOL on December 29, 2006. Lou Malnati's Pizzeria then filed a visa petition on behalf of Carlos Figueroa with the defendant CIS, based upon the approved labor certification. On April 9, 2008, the CIS rejected the visa petition because the visa petition form was received

after the 180 validity period of the labor certification established by the new regulation, 20 C.F.R §656.30 (b).

(30) The labor certification filed by Country Landscaping and Supply, Inc. on behalf of Manuel Quintana was approved by the DOL on August 16, 2007. Country Landscaping and Supply, Inc. then filed a visa petition on behalf of Manuel Quintana with the defendant CIS, based upon the approved labor certification. On February 19, 2008, the CIS rejected the visa petition because the visa petition form was received after the 180 validity period of the labor certification established by the new regulation, 20 C.F.R §656.30 (b).

(31) The labor certification filed by Add on Glass, Inc. on behalf of Witold Rojek was approved by the DOL on June 12, 2007. Add on Glass, Inc. then filed a visa petition on behalf of Witold Rojek with the defendant CIS, based upon the approved labor certification. On March 28, 2008, the CIS rejected the visa petition because the visa petition form was received after the 180 validity period of the labor certification established by the new regulation, 20 C.F.R §656.30 (b).

(32) The labor certification filed by Aurelio and Sons, Inc. on behalf of Jose Torres was approved by the DOL on March 30, 2007. Aurelio and Sons, Inc. then filed a visa petition on behalf of Jose Torres with the defendant CIS, based upon the approved labor certification. On April 1, 2008, the CIS rejected the visa petition because the visa petition form was received after the 180 validity period of the labor certification established by the new regulation, 20 C.F.R §656.30 (b).

(33) The labor certification filed by Dikuje Group, Inc. on behalf of Bolivar Bautista Castelan was approved by the DOL on March 10, 2006. Dikuje Group, Inc. then filed a visa petition on behalf of Bolivar Bautista Castelan with the defendant CIS, based upon the approved labor certification. On March 14, 2008, the CIS rejected the visa petition because the visa petition form was received after the 180 validity period of the labor certification established by the new regulation, 20 C.F.R §656.30 (b).

(34) The labor certification filed by Wright Technologies, Inc. on behalf of Jaroslaw Skorski was approved by the DOL on April 26, 2007. Based upon the prior practices and procedures of the defendant CIS, in the event that Wright Technologies, Inc., attempts to file a visa petition on behalf of Jaroslaw Skorski the visa petition will be rejected by the CIS.

(35) The labor certification filed by Plonski Medical Group S.C. on behalf of Dominkia Duda was approved by the DOL on August 29, 2006. Based upon the prior practices and procedures of the defendant CIS, in the event that Plonski Medical Group, S.C., Inc., attempts to file a visa petition on behalf of Dominika Duda the visa petition will be rejected by the CIS.

(36) The labor certification filed by Ziyad Brothers Importing on behalf of Emin Askaroglu was approved by the DOL on April 12, 2007. Based upon the prior practices and procedures of the defendant CIS, in the event that Ziyad Brothers Importing, attempts to file a visa petition on behalf of Emin Askaroglu the visa petition will be rejected by the CIS.

(37) The labor certification filed by White Cottage Pizzeria on behalf of Evaristo Luna Hernandez was approved by the DOL on June 18, 2007. Based upon the prior practices and procedures of the defendant CIS, in the event that White Cottage Pizzeria attempts to file a visa petition on behalf of Evaristo Luna Hernandez, the visa petition will be rejected by the CIS.

(38) The labor certification filed by Wightman Homes, Inc. on behalf of Jaromir Nemcik was approved by the DOL on September 8, 2006. Based upon the prior practices and procedures of the defendant CIS, in the event that Wightman Homes, Inc. attempts to file a visa petition on behalf of Jaromir Nemcik, the visa petition will be rejected by the CIS.

(39) The labor certification filed by Malnati Organization d/b/a Lou Malnati's on behalf of Gustavo Ramos was approved by the DOL on May 25, 2006. Based upon the prior practices and procedures of the defendant CIS, in the event that Lou Malnati's attempts to file a visa petition on behalf of Gustavo Ramos, the visa petition will be rejected by the CIS.

(40) The labor certification filed by Polexport, Inc. on behalf of Pawel Andrzejewski was approved by the DOL on April 25, 2006. Based upon the prior practices and procedures of the defendant CIS, in the event that Polexport, Inc. attempts to file a visa petition on behalf of Pawel Andrzejewski, the visa petition will be rejected by the CIS.

(41) The DOL's promulgation of the amended regulation at 20 C.F.R. §656 is an abuse of discretion and contrary to the law because any limits on the validity of a labor

certification must be brought about by an act of Congress amending the Immigration and Nationality Act rather than by administrative rulemaking.

(42)  The DOL's enforcement of the amended regulation at 20 C.F.R. §656 retroactively is an abuse of discretion and contrary to the law.

(43)  The DOL's promulgation of the amended regulation at 20 C.F.R. §656 placing an expiration date on the validity of labor certification applications exceeds the statutory authority granted to the DOL.

(44)  The DOL's promulgation and enforcement of the amended regulation at 20 C.F.R. §656 is contrary to the express provisions of 8 U.S.C. §1182(a)(5)(A).

(45)  The decisions of the DOL to revoke the labor certification applications filed by or on behalf of the plaintiffs are arbitrary, capricious, not in accordance with the law and without observance of procedure as required by law.

(46)  In view of the DOL's actions as alleged in the paragraphs set forth above and the contentions of the plaintiffs that such actions are illegal, arbitrary and an abuse of discretion, there is an actual controversy within the jurisdiction of the Court and declaratory and injunctive relief will effectively adjudicate the rights of the parties.

WHEREFORE the plaintiffs seek the following relief as to Count I of their Complaint:

(A)  That this Court take jurisdiction and judicially review the actions and decisions of the U.S. Department of Labor relating to the plaintiffs' labor certification applications.

(B) That a judgment be entered declaring that the DOL's promulgation of the amended regulation at 20 C.F.R. §656 is contrary to law and beyond the statutory authority of the U.S. Department of labor.

(C) That a judgment be entered declaring that the promulgation of the amended regulation at 20 C.F.R. §656 and the retroactive application of that regulation to labor certifications filed prior to the amendment is an abuse of discretion and contrary to law.

(D) That the DOL be ordered to rescind the revocations of the plaintiffs' labor certification applications.

(E) That the plaintiffs be awarded reasonable attorney's fees pursuant to 28 U.S.C. Section 2412 and 5 U.S.C. Section 504 of the EAJA.

## COUNT II

Plaintiffs, Durable Manufacturing Company, Cesar Crisanto Arzeta, Alu-Bra Foundry, Pablo Hernandez, McCarthy Farm, Inc., Urbano Ruiz, Lou Malnati's Pizzeria, Carlos Figueroa, Country Landscaping and Supply, Inc., Manuel Quintana, Add on Glass, Inc., Witold Rojek, Aurelio and Sons, Inc., Jose Torres, Dikjue Group, Inc., and Bolivar Bautista Castelan bring Count II of this complaint against the defendant CIS.

(1)-(46) The above plaintiffs re-allege paragraphs (1) through (46) of Count I as paragraphs (1) through (46) of this Count.

(47) The above plaintiffs are entitled to have the visa petitions that they have filed based upon valid labor certifications in accordance with 8 U.S.C. §1182(a)(5)(A) and 8 U.S.C. §1153(b)(3)(A)(i) of the Immigration and Nationality Act processed and adjudicated.

13

(48) The actions of the CIS in rejecting the visa petitions filed by or on behalf of the above plaintiffs are arbitrary, capricious, an abuse of discretion and not in accordance with the law.

(49) The plaintiffs have satisfied all of the requirements for having their visa petitions adjudicated, but the CIS has wrongfully rejected these visa petitions.

(50) In view of the defendant's action as aforesaid and these plaintiffs' contentions that such action is unreasonable and unjustified, there is an actual controversy within the jurisdiction of the Court and declaratory, mandamus and injunctive relief will effectively adjudicate the rights of the parties.

(51) Plaintiffs have no administrative remedies to exhaust. There are no remedies provided for neglect of duty and rejection of the visa petitions filed by these plaintiffs.

(52) Mandamus is appropriate in this case and plaintiffs have no other remedy at law. Plaintiffs seek to compel administrative action unreasonably delayed under the Administrative Procedure Act and the Mandamus Act.

WHEREFORE, Plaintiffs Durable Manufacturing Company, Cesar Crisanto Arzeta, Alu-Bra Foundry, Pablo Hernandez, McCarthy Farm, Inc., Urbano Ruiz, Lou Malnati's Pizzeria, Carlos Figueroa, Country Landscaping and Supply, Inc., Manuel Quintana, Add on Glass, Inc., Witold Rojek, Aurelio and Sons, Inc., Jose Torres, Dikjue Group, Inc., and Bolivar Bautista Castelan seek the following relief as to Count II of their Compliant:

14

(A)   That the Court take jurisdiction and judicially review the aforementioned administrative action.

(B)   That the Court order the defendant to adjudicate these plaintiffs' immigrant visa petitions in a timely manner.

(C)   That these plaintiffs be awarded reasonable attorney's fees pursuant to 28 U.S.C. Section 241 and 5 U.S.C. Section 504 of the EAJA.

(D)   For any such other and further relief as may be proper.

Respectfully Submitted,
Law Offices of Donald E. Puchalski

By: *[signature]*
Attorney for Plaintiffs

Law Offices of Richard J. Puchalski

By: *[signature]*
Attorney for Plaintiffs

Richard J. Puchalski
111 W. Washington Street
Suite 751
Chicago, IL 60602
(312) 332-4428

Donald E. Puchalski
111 W. Washington Street
Suite 751
Chicago, IL 60602
(312)-332-4428