IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DURABLE MANUFACTURING COMPANY, CESAR ARZETA, ALU-BRA FOUNDRY INCORPORATED, PABLO HERNANDEZ, BAR G FARMS, INC., N/K/A MCCARTHY FARM, INC., URBANO RUIZ,  WRIGHT TECHNOLOGIES, INC., JAROSLAW SKORSKI, PLONSKI MEDICAL GROUP S.C., DOMINIKA DUDA, ZIYAD BROTHERS IMPORTING, EMIN ASKAROGLU, COUNTRY LANDSCAPING AND SUPPLY, INC., MANUEL QUINTANA, ADD ON GLASS, INC., WITOLD ROJEK, AURELIO AND SONS MASONRY, INC., JOSE TORRES, WHITE COTTAGE PIZZERIA, EVARISTO LUNA HERNANDEZ, WIGHTMAN HOMES, INC., JAROMIR NEMCIK, MALNATI ORGANIZATION, D/B/A LOU MALNATI'S, GUSTAVO RAMOS, and CARLOS FIGUEROA, FOSTER & BROADWAY AMOCO, N/K/A DIKUJE GROUP, INC. BOLIVAR BAUTISTA, CASTELAN, POLEXPORT, INC and PAWEL ANDRZEJEWSKI,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES DEPARTMENT OF LABOR, EMPLOYMENT AND TRAINING ADMINISTRATION and UNITED STATES DEPARTMENT OF HOMELAND SECURITY, BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No.     08 CV 2782<br><br>Judge St. Eve |

## PLAINTIFFS' MEMORANDUM IN SUPPORT OF
## THEIR MOTION FOR SUMMARY JUDGMENT

Plaintiffs, Durable Manufacturing Company, Cesar Crisanto Arzeta, Alu-Bra

Foundry Incorporated, Pablo Hernandez, Bar G. Farm, Inc., n/k/a McCarthy Farm,

Inc., Urbano Ruiz, Wright Technologies, Inc., Jaroslaw Skorski, Plonski Medical

Group S.C., Dominika Duda, Ziyad Brothers Importing, Enim Askaroglu,  Country

Landscaping and Supply, Inc., Manuel Quintana, Add on Glass, Inc., Witold Rojek, Aurelio and Sons Masonry, Inc., Jose Torres, White Cottage Pizzeria, Evaristo Luna Hernandez, Wightman Homes, Inc., Jaromir Nemcik, Malnati Organization, Inc., d/b/a Lou Malnati's, Gustavo Ramos, and Carlos Figueroa, Foster & Broadway AMOCO, n/k/a Dikuje Group, Inc., Bolivar Bautista Castelan, Polexport, Inc. and Pawel Andrzejewski by their attorneys, Richard J. Puchalski and Laura J. Goodloe, in support of their motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, assert the following arguments:

## I.      STATEMENT OF THE CASE

The plaintiffs are various employers in the Chicago Metropolitan area who have filed labor certification applications, and in some cases, visa petitions on behalf of certain of their employees, who are also plaintiffs in this proceeding. These labor certification applications were filed with and approved by the defendant, United States Department of Labor between 2001 and 2007.  Once the employer and alien employee receive a labor certification, a visa petition can then be filed on the alien employee's behalf, which if approved, will entitled the alien to lawful permanent resident status in the United States. *See* 8 U.S.C. §1182(a)(5)(A). The processing of a labor certification and the eventual approval of a visa petition, involves the interplay between the U.S. Department of Labor (hereinafter "DOL")

2

and the U.S. Department of Homeland Security, Bureau of Citizenship and Immigration Services (hereinafter "CIS"), the two defendants in this case.

The plaintiffs have brought this action against the DOL seeking a declaratory judgment against that agency after it had invalidated the plaintiffs' approved labor certifications. Certain plaintiffs whose visa petitions were rejected by the CIS also seek a writ of mandamus against that agency ordering it to process their visa petitions.

## II.    ROLE OF THE DOL IN THE
##         LABOR CERTIFICATION PROCESS

As indicated above, an alien seeking permanent residence in the United States deals with two separate federal agencies who have separate and distinct roles and responsibilities. As to the role of the DOL, the Immigration and Naturalization Act provides as follows:

> (5) Labor Certification and Qualification for Certain Immigrants:
>
> (A)    Labor Certification
>
> (i)  In General:
> Any alien who seeks to enter the United States for the purpose of performing skilled or unskilled labor is inadmissible, unless the Secretary of Labor has determined and certified to the Secretary of State and the Attorney General that-
>
> (I) there are not sufficient workers who are able, willing, qualified (of equally qualified in the case of an alien described in clause (ii)) and available at the

time of application for a visa and admission to the United States and at the place where the alien is to perform such skilled or unskilled labor and,

(II) the employment of such alien will not adversely affect the wages and working conditions of workers in the Untied States similarly employed.

[8 U.S.C. §1182 (a)(5)(A)(i)]

Based on the above provision, the interaction between the DOL and the Attorney General or Secretary of State is limited.  A decision by the DOL to grant a labor certification constitutes an assessment that the employment of a particular alien will not adversely affect the policies of the Immigration and Nationality Act. *See Medellin v. Bustos*, 854 F.2d 795, 797 (5th Cir. 1988).  In granting the plaintiffs' labor certifications, the DOL thus determined that U.S. workers who were able, willing and qualified were not available to perform the jobs in question and employment of these alien workers would not adversely affect similarly employed workers in the United States.

III.    **THE ROLE OF THE CIS IN THE IMMIGRATION PROCESS**

It is the Attorney General who possesses the ultimate authority under the Immigration and Nationality Act to determine the visa eligibility of individual aliens.  *See* 8 U.S.C. §1154(b). The Attorney General has delegated this authority to the Department of Homeland Security, Bureau of Citizenship and Immigration

Services.  The statutory provision dealing with employment based immigrant visas

provides in pertinent as follows:

**Allocation of Immigrant Visas**

(b) Preference Allocation for Employment-Based Immigrants

Aliens subject to the worldwide level specified in section 201(d) for employment-based immigrants in a fiscal year shall be allotted visas as follows:

(3) Skilled workers, professionals and other workers

(A)  In general

Visas shall be made available, in a number not to exceed 28.6 percent of such worldwide level, plus any visas not required for the classes specified in paragraphs (1) and (2) to the following classes of aliens who are not described in paragraph (2):

(i)  Skilled Workers
Qualified immigrants who are capable, at the time of petitioning for classification under this paragraph, of performing skilled labor (requiring at least 2 years training or experience), not of a temporary or seasonal nature, for which qualified workers are not available in the United States.

[8 U.S.C. §1153(b)(3)(A)(i)]

Regarding the labor certification requirement, the above statutory provision

also provides:

(C)    Labor certification required

An immigrant visa may not be issued to an immigrant under subparagraph (A) until the consular officer is in receipt of a

5

> determination made by the Secretary of Labor pursuant to the provisions of section 212(a)(5)(A).

[8 U.S.C. 203(b)(3)(C)]

In light of the above language, once a labor certification is issued, eligibility for an employment based visa as a skilled worker rests solely with the CIS. *See Medellin v. Bustos*, 854 F.2d 795, 797 (5th Cir. 1988).

## IV.   UNDISPUTED FACTS

Based upon the defendants' answer, there are really no factual disputes in this case. (See Plaintiffs' Local Rule 56.1 Statement of Uncontested Facts). The DOL has promulgated regulations relating to the processing of labor certifications for permanent employment of aliens in the United States. *See* 20 C.F.R. Part 656. Under a regulation promulgated by the Secretary of Labor in 1987, labor certifications were valid indefinitely. *See* 20 C.F.R. §656.30(a)(1987). On May 17, 2007, the Secretary of Labor amended 20 C.F.R. §656.30 to provide for an expiration date on labor certifications. The amended regulation provides in pertinent part:

> (b) Expiration of Labor Certifications
>
> For certifications resulting from applications filed under this part and 20 CFR 656 in effect prior to March 28, 2005, the following applies:
>
> > (1)    An approved permanent labor certification granted

6

on or after July 16, 2007 expires if not filed in support of a Form I-140 petition with the Department of Homeland Security within 180 calendar days of the date the Department of Labor granted certification

(2)    An approved permanent labor certification granted before July 16, 2007 expires if not filed in support of a Form I-140 petition with the Department of Homeland Security within 180 calendar days of July 16, 2007.

[20 C.F.R. §656.30(b)]

The amended regulation thus applies prospectively to labor certifications granted on or after July 16, 2007 and retroactively to labor certifications filed or approved prior to the effective date of the regulatory amendment.

Based upon the amended regulation, the approved labor certifications issued by the DOL to the plaintiffs have been invalidated.  Visa petitions filed by or on behalf of certain plaintiffs[1] have been rejected by the CIS because of the DOL's amended regulation.   The remaining plaintiffs[2] have received approved labor certifications that are now invalid under amended 20 C.F.R. §656.30(b), but visa petitions have not yet been filed because it is clear such petitions will be rejected by the CIS.  These plaintiffs filed their Motion for Summary Judgment against the DOL regarding the promulgation of amended 20 C.F.R. §656.30(b) and a writ of

---

[1]   The CIS has rejected visa petitions filed by the following employers and their alien-employees; Durable Manufacturing Company/Cesar Arzeta; Alu-Bra Foundry Incorporated/Pablo Hernandez; McCarthy Farm, Inc./Urbano Ruiz; Malnati Organization/Carlos Figueroa; Country Landscaping and Supply, Inc./Manuel Quintana; Add on Glass, Inc./Witold Rojek; Aurelio and Sons Masonry, Inc./Jose Torres; Poleport Inc./Pawel Andrzejewski.
[2]  White Cottage Pizzeria/Evaristo Luna; Wightman Homes, Inc./Jaromir Nemcik; Malnati Organization/Gustavo

mandamus against the CIS to require that agency to process the visa petitions filed by a number of plaintiffs that have previously been rejected. (Ex. 2B-6B, 15B).

## V.     SUMMARY JUDGMENT STANDARDS

Summary judgment is proper when the pleadings, depositions answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. Pro. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).   Cross-motions for summary judgment are the standard method of reviewing decisions of administrative tribunals. See *Dale M. v. Board of Education of the Bradley Bourbonnais High School District No. 307*, 237 F.3d 813, 816 (7th Cir. 2001).

## VI.     ARGUMENT

### A.

### THE PROMULGATION BY THE DOL OF 20 C.F.R §656.30(b) IS BEYOND THE AGENCY'S STATUTORY AUTHORITY

The power of an administrative agency to administer a federal statute and to prescribe rules and regulations to that end is not the power to make law- for no such power can be delegated by Congress- but the power to adopt regulations to carry into effect the will of Congress as expressed by the statute.   A regulation

which does not do this, but operates to create a rule out of harmony with the statute, is a nullity. *Commissioner of Internal Revenue v. Clark*, 202 F.2d 94, 98 (7th Cir. 1953). Although agency determinations within the scope of delegated authority are entitled to deference, it is fundamental that an agency may not bootstrap itself into an area which it has no jurisdiction. *Adams Fruit Company, Inc., v. Barrett*, 494 U.S. 638, 108 L.Ed.2d 585 (1990); *SEC v. Sloan*, 436 U.S. 103, 56 L.Ed.2d 148 (1978).

In order to fully understand what transpired with the plaintiffs' labor certifications and visa petitions, it is necessary to review the balance of powers between the DOL and the CIS in the labor certification-immigrant visa petition process. As stated in *Hoosier Care, Inc. v. Chertoff*, 482 F.3d 987 (7th Cir. 2007), the determination between the two defendant agencies in this process is as follows:

> Section 1182(a)(5)(A)(i) of Title 8 forbids an alien's entering the United States "for purposes of performing skilled or unskilled labor" unless the Department of Labor certifies that there is a shortage of American workers able and willing to perform the labor in question and that allowing an alien to perform it will not harm American workers. DHS is then responsible for determining whether, in the case of skilled labor, a specific alien is "capable… of performing skilled labor (requiring at least 2 years training or experience)." 8 U.S.C. §1153(b)(3)(A)

According to the Seventh Circuit in *Hoosier Care*, the above provisions create a two-stage procedure relating to employment based immigration. *Id.* A number of

cases have described the DOL's responsibility in employment-based immigration as limited to "determining the availability of suitable American workers for a job and the impact of alien employment upon the domestic labor market." *K.R.K. Irvine, Inc. v. Landon,* 699 F.2d 1006, 1008 (9th Cir. 1983)*; see also Black Construction Corp. v. INS*, 746 F.2d 503, 504 (9th Cir. 1984). In this context, determinations vested by statute with one agency are not normally subject to horizontal review by a sister agency. *Madany v. Smith*, 696 F.2d 1008, 1012 (D.C. Cir. 1983). According to *Madany*, the Immigration and Nationality Act allocates only a limited role to the DOL, and the primary responsibility of that statue remains with the INS (now CIS). *Id.* The authority to make immigrant visa preference classifications is not within the domain of the DOL, but rests with the Attorney General. *See* 8 U.S.C. §1154; *Castaneda-Gonzalez v. INS*, 564 F.2d 417, 429 (D.C. Cir. 1977). According to the *Mandany* Court:

> Given the language of the Act, the totality of the legislative history and the agencies' own interpretations of their duties under the Act, we must conclude that Congress did not intend the DOL to have primary authority to make any interpretations in section 212(a)(14) (now 212(a)(5)(A)) which are:
>
> > (I)   There are not sufficient workers who are able, willing, qualified (of equally qualified in the case of an alien described in clause (ii)) and available at the time of application for a visa and admission to the United States and at the place where the alien is to perform such skilled or unskilled labor and,
> >
> > (II)   the employment of such alien will not adversely affect the

> wages and working conditions of workers in the United States similarly employed.

*Mandany v. Smith*, 696 F.2d at 1013.

By the express terms of the above statute, the DOL only has the power to determine whether sufficient U.S. workers are able, willing, qualified and available to perform the job in question, and whether employment of the alien will have an adverse effect on the working conditions of similarly situated employed U.S. workers. Congress did not intend the DOL to have primary authority to make any determinations other than those two stated in 8 U.S.C. §1182(a)(5)(A). *Mandany v. Smith, supra.* There is nothing in the above enabling statute that would allow the DOL to limit these two determinations to a six month period of time. In fact, from the inception of the labor certification requirement, labor certifications were valid indefinitely. In essence, what the DOL's amended regulation does is place a six month "statute of limitations" on visa petitions. Nowhere in the enabling statute [8 U.S.C. §1182 (a)(5)(A)] does Congress bestow any authority over visa petitions to the DOL.

It is a well established principle that a governmental agency cannot create regulations which are beyond the scope of their delegated authority. *See Nagahi v. INS*, 219 F.3d 1166 (10th Cir. 2000). The courts will not hesitate to prohibit

federal agencies from attempting to enforce invalid regulations. *See Dimension Film Corp. v. Board of Governers of the Fed. Reserve Sys.*, 744 F.2d 1402 (10th Cir. 1984) (enjoining the Board from attempting to enforce or implement invalidated regulations), *aff'd*, 474 U.S. 361, 106 S.Ct. 681; *Planned Parenthood Fed'n v. Heckler*, 712 F.2d 650 (D.C. Cir. 1983).

A very similar issue was presented in *Medellin v. Bustos*, 854 F.2d 795 (5th Cir. 1988).   In that case, the DOL adopted new operating instructions in its Technical Assistance Guide (TAG).   One of these new provisions prohibited the substitution of one alien on a labor certification application for a different alien employee, if six months had elapsed from the time the labor certification was granted.  The *Medellin* court ruled that such a provision was invalid because the authority to promulgate such a rule was under the jurisdiction of the Immigration and Naturalization Service (now CIS). 854 F.2d at 797.   The court in *Medellin* held: "it is the INS, in fact as well as in effect, that must determine the fate of particular aliens.    If the DOL is to exercise the authority to decide the visa eligibility status of individual aliens, such a shift of administrative power must result in an Act from Congress: it cannot derive from an interpretation by the DOL of a regulatory provision promulgated by the Secretary of that Agency." *Id.* at 797. The court characterized the DOL's actions not as merely "filling in the gaps" of the

12

substantive requirements in INA §212(a)(14) but rather as rewriting the relevant the sections of the INA. *Id.* at 798.

In this case, as in *Medellin*, the DOL has attempted to modify or amend section 212(a)(5)(A) of the INA by creating a rule which clearly exceeded the scope of its authority.  By placing an expiration date on labor certification applications that were previously valid indefinitely, the DOL has in effect determined the validity of the visa petitions filed by the employers and alien-employees who are the plaintiffs in this case.  Because of the DOL's amended regulation invalidating the plaintiffs' labor certification, sixteen plaintiffs in this case had their visa petitions rejected by the CIS. *See* Ex. 1B-7B, 15B.

Here the DOL, not the CIS is essentially determining the fate of the particular aliens by placing a deadline on the time for filing a visa petition based upon an alien's approved labor certification.  Nowhere under the INA is the DOL expressly or implicitly given the authority to make rules relating to the expiration of labor certifications or determine visa petition filing requirements for the CIS. Therefore, because the DOL was not given the authority to promulgate such rules under the Immigration and Nationality Act, it exceeded its statutory authority when it enacted 20 C.F.R §656.30(b).

Under the INA, an employment based immigrant visa may not be issued

until the counselor officer (or CIS) is in receipt of a determination made by the Secretary of Labor pursuant to the provisions of section 212(a)(5)(A).  *See* 8 U.S.C. §1153(b)(3)(c).  By placing an expiration date on labor certification approvals, the DOL extinguishes the right of employers and alien employees to file visa petitions.

## B.

### ANY LIMITATIONS ON THE VALIDITY OF LABOR CERTIFICATIONS MUST BE MADE BY CONGRESSIONAL AMENDMENT

As pointed out in both *Hoosier Care, Inc. v. Chertoff*, 482 F.3d 987 (7th Cir. 2007), and *Medellin v. Bustos*, 854 F.2d 795 (5th Cir. 1988), Congress established a delicate interaction between the DOL and now the CIS when it enacted 8 U.S.C. §1182(a)(14).  Any change in that interaction must be brought about by Congressional action, not through the promulgation of an administrative regulation.  If the DOL is to exercise the authority to determine visa eligibility status, which is what has happened by virtue of its amended regulation [20 C.F.R. §656.30(b)], such a shift of administrative power must result from an act of Congress; it cannot derive from an interpretation of a regulatory provision promulgated by the Secretary of that agency. *Medellin v. Bustos*, 854 F.2d 795, 797 (5th Cir. 1988).

14

As stated above, the DOL has no authority to regulate immigration or the admissibility of aliens in the United States.  Rather, it is Congress who has the plenary power "to regulate immigration and may set standards and distinctions regarding aliens which would be constitutionally suspect if applied to domestic policy." 18A Fed. Proc., L. Ed. § 45:1 *Congressional Powers Regarding Immigration Laws*.  Congress alone is responsible for fixing conditions under which aliens are to be permitted to enter the United States. *Id.*  Although Congress may delegate administrative bodies the authority to make rules, the scope of such rule-making authority extends only to adopt regulations which carry into effect the will of Congress as expressed by statute. *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 96 S.Ct. 1375 (1976).

There is absolutely no provision in the Immigration and Nationality Act that would limit the filing of an immigrant visa petition to a six month period of time. What is ironic is that the DOL took three, four, and even five years to process some of the plaintiffs' labor certification applications[3].  Yet, when approvals were finally received, the plaintiffs were required by the DOL's regulation to file a visa petition within a span of six months.

---

[3] See Ex. 2A, Alu-Bra Foundry labor certification (5 ½  years); Ex. 3A McCarthy Farm, Inc. labor certification (4 years); Ex. 6A Add on Glass labor certification (4 years); Ex. 8A, Dikuje Group, Inc. labor certification (4 years); Ex. 9A, Wright Technologies, Inc., labor certification (4 ½ years); Ex. 12A, White Cottage Pizzeria labor

15

There is absolutely no evidence of such intent on the part of Congress to limit the effective date of a labor certification. Rather, the DOL promulgated this regulation based on its own intent to limit the validity of labor certifications. The regulation at 20 C.F.R. §656.30(b) bears no relation to INA §212(a)(5)(A)(i), and due to such incongruity, there is no way it can be considered a valid delegation of authority by Congress. *US v. Larionoff*, 431 U.S. 864, 97 S.Ct. 2150 (1977).

**C.**

**THE REGULATORY AMENDMENT LIMITING
THE DURATION OF LABOR CERTIFICATIONS
<u>CANNOT BE APPLIED RETROACTIVELY</u>**

In addition, 20 CFR §656.30(b)(2) unlawfully invalidates labor certifications retroactively. As a general matter, retroactive statutes are disfavored when their application "would impair rights a party possessed when he acted, increase the party's liability for past conduct, or impose new duties with respect to transactions already completed." *Fernandez-Vargas v. Gonzales*, 548 U.S. 30, 37 (2006) (quoting *Landgraf v. USI Film Products*, 511 U.S. 244, 114 S.Ct. 1483 (1994)). Consequently, "a statute shall not be given retroactive effect unless such construction is required by explicit language or by necessary implication." *Fernandez-Vargas*, 548 U.S. 30, at 37 (quoting *United States v. St. Louis, S.F. &*

---

certification (3 ½ years).

*T.R. Co.*, 270 U.S. 1, 3, 46 S.Ct. 182 (1926)).

Thus, in determining whether a particular regulation can validly be applied retroactively, the court must first look to whether Congress has expressly prescribed the statute or rule's "proper reach." *Fernandez-Vargas*, 548 U.S. 30, at 37 ( *INS v. St. Cyr*, 533 U.S. 289, 317 (2001)(noting that a "clear intent assures that Congress itself has affirmatively considered the potential unfairness of retroactive application and determined that it is an acceptable price to pay for the countervailing benefits.")). Such an inquiry demands a "commonsense, functional judgment about whether the new provision attaches new legal consequences to events completed before its enactment." *INS v. St. Cyr*, 533 U.S. 289, at 321 (citing *Martin v. Hadix*, 527 U.S. 343, 357-58, 119 S.Ct. 144 (1999)). Then, the court must exam whether applying that statute or rule to the person objecting would have a retroactive consequence that would, "[take] away or [impair], vested rights acquired under existing laws or [create] a new obligation, [impose] a new duty or [attach] a new disability, in respect to transactions or considerations already past. *INS v. St. Cyr*, 533 U.S. 289, at 321. If so, a presumption arises against retroactivity by construing the statute as inapplicable to the event or action in question.

This case poses a clear example of the unlawful retroactive application of a

rule. As previously stated, there is absolutely no record of any type of Congressional intent or approval of the amendment in 20 CFR §656.30(b)(2). Although the DOL has explicitly disclosed its own intent behind promulgating this rule, binding legal precedent clearly indicates that this is not enough.

As a result of the implementation of 20 CFR §656.30(b)(2), Plaintiffs' *approved* labor certification petitions have been invalidated by administrative fiat. In applying this rule, the DOL, in essence, impedes on the alien Plaintiffs' rights to obtain permanent resident status. Although 20 CFR §656.30(b)(2) appears to merely be a procedural regulation on its face, it undoubtedly affects an immigrant's right to apply and be considered for lawful resident status. Many of the labor certification applications filed in this case were filed years prior to the amendment in 20 CFR §656.30 in May of 2007.

The filing dates of the plaintiffs' labor certifications are as follows:

| | |
|---|---|
| Durable Manufacturing /Arzeta | 3/19/01 |
| Alu-Bra Foundry/Hernandez | 10/12/01 |
| McCarthy Farm/Ruiz | 2/13/03 |
| Lou Malnati's/Figueroa | 2/23/05 |
| Country Landscaping /Quintana | 3/09/07 |
| Add on Glass/Rojek | 2/04/03 |
| Aurelio & Sons Masonry/Torres | 5/24/07 |
| Dikuje Group/Castelan | 3/10/03 |
| Wright Technologies/Skorski | 12/03/02 |
| Plonski Medical Group/Duda | 2/04/04 |
| Ziyad Brothers/Askaroglu | 2/04/04 |

White Cottage Pizzeria/Hernandez    7/11/03
Wightman Homes/Nemcik    2/10/05
Polexport, Inc./Andrzejewski    4/19/01

All of these applications were filed well before the effective date of the amended regulation, and twelve of the labor certification applications were approved before the effective date of the regulation, which was July, 16, 2007[4].

The DOL's attempt to retroactively apply 20 C.F.R. §656.30(b) also runs contrary to the definition of administrative rule under 5 U.S.C. §551(4) which provides:

> (4) "rule" means the whole or part of an agency statement of general or particular applicability and future effect designed to implement, interpret, or prescribe law or policy or describing the organization, procedure or practice requirements of an agency and includes the approval or prescription for the future of rates, wages, corporate or financial structures or reorganizations thereof, prices, facilities, appliances, services or allowances therefor or of valuations, costs, or accounting, or practices bearing on any of the foregoing.

This definition clearly speaks in terms of "future effect," not retroactive effect.  An

---

[4] The approval dates on the labor certifications prior to July 16, 2007 were as follows

| | |
|---|---|
| Durable Manufacturing: | 8/09/02 |
| Alu-Bra: | 6/11/02 |
| McCarthy Farm: | 3/22/07 |
| Malnati Organization: | 12/29/06 |
| Add On Glass: | 6/12/07 |
| Wright Technologies: | 4/26/07 |
| Plonski Medical: | 8/29/06 |
| Ziyad Bros: | 4/12/07 |
| Wightman Homes: | 9/08/06 |
| Malnati Organization: | 5/25/06 |
| Polexport: | 4/25/06 |

agency attempting to promulgate a rule pursuant to the Administrative Procedure Act bears a heavy burden in justifying retroactivity in view of the Act's goal of assuring that new rules be of prospective application only. *Mason General Hospital v. Secretary of Dept. of Health and Human Services*, 809 F.2d 1220 (6th Cir. 1987).

Even if this Court were to find that the DOL had the authority to promulgate 20 C.F.R. §656.30(b), that regulation should only be applied prospectively. Any labor certification applications filed prior to the effective date of the regulation, July 16, 2007, should remain valid indefinitely. Since all of the plaintiffs' labor certifications predated the amended regulation, the Court should declare that such certifications have not expired.

## D.

## PLAINTIFFS ARE ENTITLED TO A WRIT OF MANDAMUS ORDERING THE CIS TO PROCESS THEIR VISA PETITIONS

The plaintiffs who have had their visa petitions rejected (*see* Ex. 1B-7B, 15B) are entitled to a writ of mandamus requiring the CIS to accept and process the previously rejected visa petitions.

28 U.S.C. §1361 provides as follows:

> The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

A writ of mandamus, although legal, is controlled by equitable principles, and its issuance is dependent largely upon judicial discretion. *Holmes v. US Board of Parole*, 541 F.2d 1243 (7th Cir. 1976). Appropriateness of mandamus relief turns on the existence of clear right in plaintiff, to demand performance by defendant of plainly defined, peremptory, and ministerial duty, and lack of adequate remedy other than mandamus. *Vishnevsky v. US*, 581 F.2d 1249.

Mandamus is appropriate in this case because the plaintiffs have a clearly defined right to have their visa petitions processed by the CIS.  Since the amended regulation promulgated by the DOL is invalid or would not be retroactively applied to the plaintiffs' cases, the approved labor certification approvals in this case are still valid.  As such, the CIS is required to process the visa petitions previously rejected.

## VII.  <u>CONCLUSION</u>

For the reasons stated above, Plaintiffs' Motion for Summary Judgment as to Count I against the United States Department of Labor, Employment and Training Administration should be granted.  Plaintiffs' Motion for Summary Judgment as to Count II against the United States Department of Homeland Security, Bureau of Citizenship and Immigration Services should also be granted.

Respectfully Submitted,
Law Offices of Richard J. Puchalski


By: s/ Richard J. Puchalski
     One of the Attorneys for Plaintiffs


Richard J. Puchalski
Laura J. Goodloe
111 W. Washington Street
Suite 751
Chicago, IL 60602
(312) 332-4428