IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DURABLE MANUFACTURING COMPANY, CESAR ARZETA, ALU-BRA FOUNDRY INCORPORATED, PABLO HERNANDEZ, BAR G FARMS, INC., N/K/A MCCARTHY FARM, INC., URBANO RUIZ, WRIGHT TECHNOLOGIES, INC., JAROSLAW SKORSKI, PLONSKI MEDICAL GROUP S.C., DOMINIKA DUDA, ZIYAD BROTHERS IMPORTING, EMIN ASKAROGLU, COUNTRY LANDSCAPING AND SUPPLY, INC., MANUEL QUINTANA, ADD ON GLASS, INC., WITOLD ROJEK, AURELIO AND SONS MASONRY, INC., JOSE TORRES, WHITE COTTAGE PIZZERIA, EVARISTO LUNA HERNANDEZ, WIGHTMAN HOMES, INC., JAROMIR NEMCIK, MALNATI ORGANIZATION, D/B/A LOU MALNATI'S, GUSTAVO RAMOS, and CARLOS FIGUEROA, FOSTER & BROADWAY AMOCO, N/K/A DIKUJE GROUP, INC. BOLIVAR BAUTISTA, CASTELAN, POLEXPORT, INC and PAWEL ANDRZEJEWSKI, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 08 C 2782  Judge St. Eve |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | |
| UNITED STATES DEPARTMENT OF LABOR, EMPLOYMENT AND TRAINING ADMINISTRATION and UNITED STATES DEPARTMENT OF HOMELAND SECURITY, BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**PLAINTIFFS' STATEMENT OF UNCONTESTED MATERIAL FACTS**

Plaintiffs, Durable Manufacturing Company et al., by their attorneys Richard J. Puchalski and Donald E. Puchalski, submit the following statement of

material facts that are not in dispute pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56.1(a).

(1)     The plaintiffs, Durable Manufacturing Company, Cesar Crisanto Arzeta, Alu-Bra Foundry Incorporated, Pablo Hernandez, Bar G Farm, Inc., n/k/a McCarthy Farm, Inc., Urbano Ruiz, Wright Technologies, Inc., Jaroslaw Skorski, Plonski Medical Group, S.C., Dominika Duda, Ziyad Brothers Importing, Enim Askaroglu, Country Landscaping and Supply, Inc., Manuel Quintana, Add on Glass, Inc., Witold Rojek, Aurelio and Sons Masonry, Inc., Jose Torres, White Cottage Pizzeria, Evaristo Luna Hernandez, Wightman Homes, Inc., Jaromir Nemcik, Malnati Organization, Inc., d/b/a Lou Malnati's, Gustavo Ramos, and Carlos Figueroa, Foster & Broadway Amoco, n/k/a Dikuje Group, Inc., Bolivar Bautista Castelan, Polexport, Inc. and Pawel Andrzejewski, are either entities doing business within the Northern District of Illinois or are individuals residing within the Northern District of Illinois.  (Ans. ¶s 7-21).

(2)     Each of the plaintiffs have filed labor certification applications with the defendant United States Department of Labor, Employment and Training Administration, either as employer-applicants or alien employee-beneficiaries.  (Ans. ¶s 7-21).

(3)     The plaintiffs have filed a two count complaint against two federal agencies, the U.S. Department of Labor, Employment and Training Administration ("DOL") and the U.S. Department of Homeland Security, Bureau of Citizenship and Immigration Services ("CIS") seeking declaratory and injunctive relief pursuant to 28 U.S.C. Section 2201 and 28 U.S.C. Section 1331 and authorized by the Administrative Procedure Act, 5 U.S.C. 706.  Jurisdiction is also based under 8 U.S.C. Section 1182 (a) (5) (A), relating to skilled workers and their ability to secure rights to permanent residence under the Immigration and Nationality Act.  Furthermore, jurisdiction is also predicated under 8 U.S.C. §1153 (b) (3) (A) (i) of that same Act.  In addition, jurisdiction is also based under the Mandamus Act, 28 U.S.C. §1361.  (Com. ¶ 1).

(4) Venue lies in this Court under 28 U.S.C. §1391(c), since the plaintiffs' labor certification applications were either filed in the Chicago offices of the U.S. Department of Labor or the plaintiffs reside or do business within the Northern District of Illinois. (Ans. ¶ 3).

(5) As part of its function of determining the availaby of United States Workers under 8 U.S.C. ¶1182 (a) (5) (A), the DOL promulgated certain regulations. (Ans. ¶ 23; 20 C.F.R. Part 656).

(6) Prior to May 17, 2007, the regulations promulgated by the DOL to administer the provisions of 8 U.S.C. ¶1182 (a) (5) (A) provided that a labor certification, once issued, is valid indefinitely. (Ans. ¶24)

(7) On May 17, 2007 the DOL amended 20 C.F.R.656.30. The amended regulation now provides in pertinent part:

> (b) *Expiration of labor certifications:*
> For certifications resulting from applications filed under this part and 20 CFR part 656 in effect prior to March 28, 2005, the following applies:
> (1) An approved permanent labor certification granted on or after July 16, 2007 expires if not filed in support of a Form I-140 petition with the Department of Homeland Security within 180 calendar days of the date the Department of Labor granted certification.
> (2) An approved permanent labor certification granted before July 16, 2007 expires if not filed in support of a Form I-140 petition within the Department of Homeland Security within 180 calendar days of July 16, 2007. (20 C.F.R. ¶656.30(b)). Ans. ¶ 25).

(8) Plaintiff, Durable Manufacturing Company is a manufacturing company with its principal place of business in Bensenville, Illinois. On March 19, 2001, Durable Manufacturing Company filed a labor certification application with the DOL on behalf of its employees, Cesar Crisanto Arzets. The DOL approved labor certification on August 9, 2002. (Ex. 1A). Durable Manufacturing Company then filed a petition on Mr. Arzeta's behalf which was rejected by the CIS on March 28, 2000 because the labor certification had expired. (Ex. 1B), (Ans. ¶ 26).

(9) Plaintiff, Alu-Bra Foundry Incorporated is a foundry with its principal place of business in Bensenville, Illinois. On October 12, 2001, Alu-Bra Foundry Incorporated filed a labor certification application with the DOL on behalf of one of its employees, Pablo Hernandez. The DOL approved labor certification on June 11, 2007. (Ex. 2A). Alu-Bra Foundry, Incorporated, then filed a visa petition on Mr. Hernandez's behalf which was rejected by the CIS on April 11, 2008 because the labor certification had expired. (Ex. 2B), (Ans. ¶ 27).

(10) Plaintiff, McCarthy Farm, Inc. is a farm with its principal place of business in Elgin, Illinois. On February 13, 2003, McCarthy Farm, Inc. filed a labor certification application with the DOL on behalf of one of its employees, Urbano Ruiz. The DOL approved the labor certification application on March 22, 2007. (Ex. 3A). McCarthy Farm, Inc. then filed a visa petition on Mr. Ruiz's behalf which was rejected by the CIS on February 19, 2008 because the labor certification has expired. (Ex. 3B), (Ans. ¶ 28).

(11) Plaintiff, Malnati Organization d/b/a Lou Malnati's is a restaurant with its principal place of business in Northbrook, Illinois. On February 23, 2005, Plaintiff Carlos Figueroa's former employer, Gregorio's Chicago Pizzeria & Pub filed a labor certification application with the DOL on behalf of Carlos Figueroa. Lou Malnati's is the successor employer of Carlos Figueroa. The DOL approved the labor certification on December 29, 2006. (Ex. 4A). Lou Malnati's then filed

a visa petition on Mr. Figueroa's behalf which was rejected by the CIS on April 9, 2008 because the labor certification has expired. (Ex. 4B), (Ans. ¶ 29).

(12) Plaintiff, Country Landscaping and Supply, Inc. is a landscaping with its principal place of business in Lemont, Illinois. On May 24, 2007, Country Landscaping filed a labor certification on behalf of one of its employees, Manuel Quintana. The DOL approved the labor certification application on August 16, 2007. (Ex. 5A). Country Landscaping & Supply Inc., then filed a visa petition on Mr. Quintana's behalf, which has not yet been rejected by the CIS on March 28, 2008 because the labor certification had expired. (Ex. 5B), (Ans. ¶ 30).

(13) Plaintiff, Add on Glass, Inc. is a glass retrofitting business with its principal place of business in Chicago, Illinois. On February 4, 2003, Add on Glass, Inc. filed a labor certification application with the DOL on behalf of one of its employees, Witold Rojek. The DOL approved the labor certification application on June 12, 2007. (Ex. 6A). Add on Glass Inc., then filed a visa petition on Mr. Rojek's behalf which was rejected by the CIS on April 1, 2008 because the labor certification has expired. (Ex. 6B), (Ans. ¶ 31).

(14) Plaintiff, Aurelio and Sons Masonry, Inc. is a masonry business with its principal place of business in Bartlett, Illinois. On March 9, 2007, Aurelio and Sons Masonry, Inc. filed a labor certification application with the DOL on behalf of one of its employees, Jose Torres. . The DOL approved the labor certification on March 20, 2007. (Ex. 7A). Aurelio and Sons Masonry, Inc. then filed a visa petition on Mr. Torres's behalf which was rejected by the CIS on March 14, 2008 because the labor certification has expired. (Ex. 7B), (Ans. ¶ 32).

(15) Plaintiff, Dikuje Group, Inc., is an auto repair company with its principal place of business in Chicago, Illinois. On April 23, 2001, Dikuje Group, Inc. filed a labor certification on behalf of one of its employees, Bolivar Bautista Castelan. The DOL approved the labor certification application on August 15,

2007. (Ex. 8A). Dikuje Group, Inc. then filed a visa petition on Mr. Castelan's behalf, which has not yet been rejected by the CIS, but based upon the past practices of that Agency, the visa petition will eventually be rejected. (Ans. ¶ 33).

(16) Plaintiff, Wright Technologies, Inc. is a machine shop with its principal place of business in Rosemont, Illinois. On December 3, 2002, Wright Technologies, Inc. filed a labor certification application with the DOL on behalf of one of its employees, Jaroslaw Skorski. The DOL approved the labor certification application on April 26, 2007. (Ex. 9A). A visa petition has not yet been filed on behalf of Mr. Skorski. (Ans. ¶ 34).

(17) Plaintiff, Plonski Medical Group S.C. is a medical office with its principal place of business in Chicago, Illinois. On February 4, 2004, Plonski Medical Group, S.C. filed a labor certification application with the DOL on behalf of its employees, Dominika Duda. The DOL approved the labor certification on August 26, 2006. (Ex. 10). A visa petition has not yet been filed on behalf of Ms. Duda. (Ans. ¶ 35).

(18) Plaintiff, Ziyad Brothers Importing is a Middle Eastern food product manufacturer with its principle place of business in Cicero, Illinois. On February 4, 2004, Ziyad Brothers Importing filed a labor certification application with the DOL on behalf of one of its employees, Emin Askaroglu. The DOL approved the labor certification on April 12, 2007. (Ex. 11A). A visa petition has been filed by Ziyad Brothers Importing on behalf of Mr. Askaroglu, which has not yet been rejected by the CIS, but based upon the past practices of that Agency, the visa petition will eventually be rejected. (Ans. ¶ 36).

(19) Plaintiff, White Cottage Pizzeria is a restaurant with its principal place of business in Wooddale, Illinois. On July 11, 2003, White Cottage Pizzeria filed a labor certification on behalf of one of its employees, Evaristo Luna Hernandez. The DOL approved the labor certification application on June 18, 2007. (Ex. 12A). A visa petition has not yet been filed on behalf of Mr. Hernandez. (Ans. ¶ 37).

(20)  Plaintiff, Wightman Homes, Inc. is a construction company with its principal place of business in Hinsdale, Illinois. On February 10, 2005, Wightman Homes, Inc. filed a labor certification on behalf of one of its employees, Jaromir Nemcik. The DOL approved the labor certification application on September 8, 2006. (Ex. 13). A visa petition has not yet been filed on behalf of Mr. Nemcik. (Ans. ¶ 38).

(21)  Plaintiff, Malnati Organization d/b/a Lou Malnati's, is a restaurant with its principal place of business in Northbrook, Illinois. On April 23, 2001, Lou Malnati's, filed a labor certification on behalf of one of its employees, Gustavo Ramos. The DOL approved the labor certification application on May 25, 2006. (Ex. 14). A visa petition has not yet been filed on behalf of Mr. Ramos. (Ans. ¶ 39).

(22)  Plaintiff, Polexport, Inc. is a communications company with its principal place of business in Chicago, Illinois. On April 19, 2001, Polexport, Inc. filed a labor certification on behalf of one of its employees, Pawel Andrzejewski. The DOL approved the labor certification application on April 25, 2006. (Ex. 15A). Polexport, Inc. then filed a visa petition on Mr. Andrzejewski's behalf which was rejected by the CIS on March 28, 2008 because the labor certification had expired. (Ex. 15B), (Ans. ¶ 40).

        Respectfully Submitted
        Law Offices of Richard J. Puchalski

        By: /s: Richard J. Puchalski
          One of the Attorneys for Plaintiff

Richard J. Puchalski
Laura J. Goodloe
Law Offices of Richard J. Puchalski
111 W. Washington Street, Suite 751
Chicago, IL 60602
(312) 332-4428

Case 1:08-cv-02782   Document 19   Filed 07/22/2008   Page 8 of 8

8