IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DURABLE MANUFACTURING                    )
COMPANY, ET AL.,                         )
                                         )
                    Plaintiffs,          )
                                         )
            v.                           )
                                         )      No. 08 C 2782
UNITED STATES DEPARTMENT OF LABOR,       )
EMPLOYMENT AND TRAINING                  )
ADMINISTRATION, and UNITED STATES        )
DEPARTMENT OF HOMELAND SECURITY,         )
BUREAU OF CITIZENSHIP AND                )
IMMIGRATION SERVICES,                    )
                                         )
                    Defendants.          )


## <u>MEMORANDUM OPINION AND ORDER</u>

This case presents a challenge to administrative regulations recently adopted by the

United States Department of Labor ("DOL").  Plaintiffs are a group of fourteen unaffiliated

businesses that received approved labor certifications from the DOL.  Plaintiffs sued the United

States Department of Labor, Employment and Training Administration and the United States

Department of Homeland Security, Bureau of Citizenship and Immigration Services

(collectively, "Defendants").  Plaintiffs and Defendants have filed cross-motions for summary

judgment.  For the reasons below, the Court denies Plaintiffs' Motion for Summary Judgment,

and grants Defendants' Cross-Motion for Summary Judgment.

## BACKGROUND

Employers and potential immigrants seeking permanent resident status based upon

present or prospective employment must comply with the Immigration and Nationality Act

("INA").  First, an alien's prospective employer must petition the DOL for a "labor certification" on the alien's behalf.  Section 212(a)(5)(A) of the INA, codified at 8 U.S.C. § 1182(a)(5)(A), provides:

> (i)  In general.  Any alien who seeks to enter the United States for the purpose of performing skilled or unskilled labor is inadmissible, unless the Secretary of Labor has determined and certified to the Secretary of State and the Attorney General that--
>
> > (I) there are not sufficient workers who are able, willing, qualified . . . and available at the time of application for a visa and admission to the United States and at the place where the alien is to perform such skilled or unskilled labor, and
> >
> > (II) the employment of such alien will not adversely affect the wages and working conditions of workers in the United States similarly employed.

8 U.S.C. § 1182(a)(5)(A) (2000).  The DOL approves a labor certification application when it determines that there are not sufficient American workers to perform the job in question and that the employment of an alien worker in the position will not adversely affect similarly employed American workers.  Next, the prospective employer must file the approved labor certification along with a visa petition (specifically, Form I-140) with the United States Department of Homeland Security ("DHS"), Bureau of Citizenship and Immigration Services ("CIS").[1]  The subsequent steps required to receive permanent resident status are not at issue in this case.

The Secretary of the Department of Labor (the "Secretary") has promulgated regulations governing the administration of the labor certification process.  In 2007, the DOL modified its

---

[1] The Attorney General was originally charged with the administration and enforcement of the INA, but Congress later transferred that power to the Secretary of Homeland Security.  *See Schneider v. Chertoff*, 450 F.3d 944, 949 n.3 (9th Cir. 2006).  The DHS took over the Immigration and Naturalization Service ("INS").  *See Hoosier Care, Inc. v. Chertoff*, 482 F.3d 987, 990-91 (7th Cir. 2007).

regulations regarding the time period a labor certification remained valid. Under the prior regulations, approved labor certifications remained "valid indefinitely." 20 C.F.R. § 656.30(a) (2006). The 2007 regulation, however, states:

> (1) An approved permanent labor certification granted on or after July 16, 2007 expires if not filed in support of a Form I-140 petition with the Department of Homeland Security within 180 calendar days of the date the Department of Labor granted the certification.

> (2) An approved permanent labor certification granted before July 16, 2007 expires if not filed in support of a Form I-140 petition with the Department of Homeland Security within 180 calendar days of July 16, 2007.

20 C.F.R. § 656.30(b) (2008). The CIS will reject a visa petition filed with an expired labor certification. (*See, e.g.*, R. 24, App. to Pls.' Rule 56.1 Stmt. Facts at 6.)

Plaintiffs are a group of fourteen unaffiliated business employers whose labor certification applications were approved during 2006 and 2007, some before and some after July 16, 2007. (R. 24.) In Count I, Plaintiffs assert that the Secretary exceeded the scope of her statutory authority in promulgating 20 C.F.R. § 656.30(b), and that the regulation constitutes an abuse of discretion. (R. 1, Compl. at 13.) Because Plaintiffs do not object to the administrative process that the DOL used to enact the regulation, the Court assumes that the regulation was issued through proper notice and comment rulemaking procedures under the Administrative Procedure Act, 5 U.S.C. §§ 551-559 (2000). Count I also asserts the nearly identical allegation that a validity period could only be imposed through congressional amendment of the INA. (*Id.* ¶ 41.) Plaintiffs further seek summary judgment declaring that 20 C.F.R. § 656.30(b) has an improper retroactive effect and cannot be applied to Plaintiffs' labor certification applications filed before the new regulation's effective date. (*Id.* at 13.) In Count II, Plaintiffs seek injunctive and mandamus relief against the DHS requiring that agency to process their visa

petitions.  (*Id.* at 14.)

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the evidence demonstrates that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  Fed. R. Civ. P. 56(c).  On cross-motions for summary judgment, the Court construes all the facts and reasonable inferences in favor of the party against whom the motion under consideration is made.  *Schneider v. Sentry Group Long Term Disability Plan*, 422 F.3d 621, 626 (7th Cir. 2005).  Here, the parties agree on all material issues of fact.[2]  (R. 19, Pls.' Rule 56.1 Stmt. Facts; R. 37, Defs.' Resp. to Pls.' Rule 56.1 Stmt. Facts.)

## ANALYSIS

### I.    The DOL's Rulemaking Authority

Plaintiffs first argue that the DOL does not have authority to promulgate the new regulations.  As a result, Plaintiffs claim the 180-day time period in Section 656.30(b) is unenforceable.

### A.    Agency Rulemaking Authority

Even absent an express delegation of rulemaking authority, an administrative agency charged with applying a statute necessarily makes interpretive choices regarding the construction of the statutory scheme it is obligated to administer.  *See United States v. Mead*, 533 U.S. 218, 227-28, 121 S. Ct. 2164, 150 L. Ed. 2d 292 (2001); *Morton v. Ruiz*, 415 U.S. 199, 231, 94 S. Ct. 1055, 39 L. Ed. 2d 270 (1974) ("The power of an administrative agency to administer a

---

[2] The parties' Local Rule 56.1 statements of material facts as to which there is no genuine issue differ with respect to some minor facts.  (*See* R. 37-1 ¶ 3.)  Those disputed facts are not relevant to the disposition of the cross-motions for summary judgment.

congressionally created . . . program necessarily requires the formulation of policy and the making of rules to fill any gap left, implicitly or explicitly, by Congress."). "The Immigration and Nationality Act does not expressly authorize the Secretary [of Labor] to issue regulations." *Industrial Holographics, Inc. v. Donovan*, 722 F.2d 1362, 1365 (7th Cir. 1983). Yet, the INA vests the DOL with substantial discretion to grant or deny labor certification applications. *See Production Tool Corp. v. Employment & Training Admin.*, 688 F.2d 1161, 1166 (7th Cir. 1982). "While the Secretary is charged with the duty to exercise this discretion, the statute does not specify the procedures to be followed or the standards to be applied. . . . Thus we may reasonably assume that Congress contemplated that the Secretary would issue regulations filling in the essential details." *Id.* at 1167; *Industrial Holographics*, 722 F.2d at 1367 n.9 (suggesting that "Congress implicitly delegated to the Secretary authority to promulgate legislative regulations under section 212(a)(14) [now section 212(a)(5)]").

Regardless of whether Congress implicitly delegated rulemaking authority to the DOL to fill in the gaps of Section 1182(a)(5), "[a]ll agencies charged with enforcing and administering a statute have 'inherent authority to issue interpretive rules informing the public of the procedures and standards it intends to apply in exercising its discretion.'" *Metro. School Dist. v. Davila*, 969 F.2d 485, 490 (7th Cir. 1992) (*quoting Production Tool*, 688 F.2d at 1166); *Industrial Holographics*, 722 F.2d at 1366 ("Where an agency must make a large number of discretionary decisions, it is entirely appropriate for it to issue regulations informing the public about the standards and procedures the agency intends to apply."). According to an enduring line of Seventh Circuit cases, the Secretary of Labor has inherent rulemaking authority to issue regulations governing the administration of Section 1182(a)(5). *See Production Tool*, 688 F.2d

at 1167; *Industrial Holographics*, 722 F.2d at 1366 (referring to the Secretary's "inherent power to develop standards and procedures for achieving the statute's goals"). As explained below, regulations adopted pursuant to this "interpretive" authority[3] are not binding on the Court, but must be independently evaluated to ensure they are consistent with the statute and are aimed at promoting the statute's underlying purpose. *See Industrial Holographics*, 722 F.2d at 1367-68.

When Congress delegates, explicitly or implicitly, the power to issue regulations to fill in gaps in the enacted law and an agency exercises that power, such rules are binding on the Court unless they are "procedurally defective, arbitrary or capricious in substance, or manifestly contrary to the statute." *Mead*, 533 U.S. at 227-29; *see Industrial Holographics*, 722 F.2d at 1366 n.6. Otherwise, an agency's interpretation is "'entitled to respect' only to the extent it has the 'power to persuade.'" *Gonzales v. Oregon*, 546 U.S. 243, 256, 126 S. Ct. 904, 163 L. Ed. 2d 748 (2006) (*quoting Skidmore v. Swift & Co.*, 323 U.S. 134, 140, 65 S. Ct. 161, 89 L. Ed. 124 (1944)). Unlike rules promulgated through delegated rulemaking authority, these "interpretive" rules are not binding on the Court, but they do "constitute a body of experience and informed judgment" which the Court can properly resort to for guidance. *Mead*, 533 U.S. at 227. "The fair measure of deference to an agency administering its own statute has been understood to vary with circumstances, and courts have looked to the degree of the agency's care, its consistency, formality, and relative expertness, and to the persuasiveness of the agency's position." *Id.* at 228 (citations omitted).

### B.      The DOL's Authority to Promulgate 20 C.F.R. § 656.30(b)

---

[3] As the Seventh Circuit noted in *Production Tool*, "many interpretive rules are not really interpretations of anything. An agency's power to 'interpret' a statute is broad and is not limited to defining terms." 688 F.2d at 1166 (citation omitted) (internal quotation marks omitted).

"[T]he Secretary [has] inherent authority to promulgate rules governing the administration of [Section 1182(a)(5)]." *Production Tool*, 688 F.2d at 1167. Pursuant to the INA, the DOL has a duty to make particular fact-based determinations before approving a labor certification.

The Secretary did not exceed the scope of her delegated authority in promulgating the regulation imposing a six-month limit on the validity of labor certifications because the regulation concerns an aspect of the DOL's own process that the DOL is entitled to control under the express terms of the statute. Section 1182(a)(5)(A) requires the Secretary to determine and certify that, among other things, "there are not sufficient workers who are . . . available *at the time of application for a visa and admission* to the United States." 8 U.S.C. § 1182(a)(5)(A) (2000) (emphasis added). The statute specifically requires the DOL to consider timing in its determination and impliedly authorizes the DOL to make its determinations time bound. Under the new regulation, the DOL's determinations regarding availability and working conditions in an approved labor certification are "certified" as true and accurate only for six months. *See Labor Certification for the Permanent Employment of Aliens in the United States*, 72 Fed. Reg. 27904, 27924-25 (May 17, 2007) [hereinafter *2007 Labor Certification Notice*]. The moment in time referenced in the statute ("at the time of application for a visa and admission") is when an alien submits a visa petition to the DHS. Thus, limiting how long a labor certification can be used to support a visa petition is wholly consistent with the statutory directive. *See Maceren v. INS*, 509 F.2d 934, 939 (9th Cir. 1974). When the Secretary grants a labor certification, she is certifying that the DOL has determined that the requisite conditions will exist provided "the time of application for a visa and admission" is within six months.

The Department of Labor's responsibility in employment-based immigration is limited to determining the availability of suitable American workers for a job and the impact of alien employment on the domestic labor market. *Hoosier Care, Inc. v. Chertoff*, 482 F.3d 987, 990 (7th Cir. 2007); *see Mandany v. Smith*, 696 F.2d 1008, 1012 (D.C. Cir. 1983). Contrary to Plaintiffs' assertions (R. 39, Pls.' Reply Mem. at 9), the DOL has not improperly inserted itself into the domain of the DHS by tying the validity of a labor certification to the filing of a visa petition with the DHS. Plaintiffs' argument fails because the statute specifically requires that the Secretary's determination be made with respect to "the time of application for a visa." Because the DOL has no authority over the DHS's visa petition process, the only practical way for the DOL to impose an expiration date on its labor certifications is to require that applicants file petitions with the DHS within a set period of time. Any time limit must operate with reference to the visa petition process. If, for example, the DOL's regulations provided that all labor certifications expire one year after they are granted, a labor certification could become void while the DHS is processing the alien's visa petition. Such a system would thereby inject the DOL into the DHS's visa petition process by invalidating supporting labor certifications in the midst of processing the attendant visa petitions. Thus, unlike the DOL operating instruction invalidated in *Medellin v. Bustos*, 854 F.2d 795 (5th Cir. 1988), Section 656.30(b) does not "upset[] the delicate interplay of administrative power established by the statute." *Id.* at 797.

Finally, the challenged regulation is reasonably aimed at advancing the statutory goal of the labor certification process, namely protecting American workers. *See Production Tool*, 688 F.2d at 1170. Given the constantly changing nature of the labor market, the determination that there are no American workers available "at the time of application for a visa and admission"

and that admission will not adversely affect labor conditions is likely accurate only for a limited time. *See Maceren*, 509 F.2d at 939. In fact, one of the DOL's motivations in enacting the 180-day validity period was that "[l]abor market conditions are subject to rapid change." *2007 Labor Certification Notice*, 72 Fed. Reg. at 27924. The Court agrees that "it is consistent with DOL's mandate under INA section 212(a)(5)(A) to require a retest of the market after the passage of that time." *Id.* The new regulation is aimed at reducing abuse of the administrative process which the DOL is charged with administering. *Id.* at 27904, 27931; *see Industrial Holographics*, 722 F.2d at 1366 (holding that the Secretary had inherent authority to issue regulations which "simplify the administrative task and help guard against arbitrary agency action"). In sum, the regulation falls squarely within the inherent rulemaking power of the DOL, and therefore the DOL did not abuse its discretion as asserted by Plaintiffs.

Plaintiffs' assertion that an act of Congress was required to properly impose a validity period on labor certifications (R. 18, Pls.' Mem. at 14) is duplicative of the claim that 20 C.F.R. § 656.30(b) exceeded the DOL's rulemaking authority. If an agency enacts a regulation outside of its authority, the change wrought by that regulation is necessarily one that requires congressional action. If the agency acted within the scope of its authority in adopting the regulation, the change does not require legislative amendment. *See Mo. Prot. & Advocacy Servs. v. Mo. Dep't of Mental Health*, 447 F.3d 1021, 1024 (8th Cir. 2006). Because Section 656.30(b) was properly promulgated pursuant to the Secretary's inherent authority to issue regulations related to the administration of her delegated authority under Section 1182(a)(5), congressional amendment is not required to impose a 180-day validity period.

## II.     Retroactive Effect of 20 C.F.R. § 656.30(b)

Plaintiffs argue that the Court should grant summary judgment in their favor because Section 656.30(b) has an improper retroactive effect when applied to any labor certification application filed before July 13, 2007. (*See* R. 18 at 20.) Specifically, Plaintiffs contend that because they applied for and, in some cases, obtained their labor certifications before the DOL passed the new regulation, the regulation retroactively invalidates their approved labor certifications. The Court disagrees.

## A.    Retroactive Regulations

It is well established that an agency cannot enact retroactive rules unless expressly authorized to do so by Congress. *See Bowen v. Georgetown University Hosp.*, 488 U.S. 204, 208, 109 S. Ct. 468, 102 L. Ed. 2d 493 (1988). "[A] statutory grant of legislative rulemaking authority will not, as a general matter, be understood to encompass the power to promulgate retroactive rules unless that power is conveyed by Congress in express terms." *Id.* Because Congress did not so authorize the DOL in the INA, the Secretary of Labor cannot issue retroactive regulations in the context of enforcing 8 U.S.C. § 1182(a)(5).

In *Landgraf v. USI Film Products*, 511 U.S. 244, 114 S. Ct. 1483, 128 L. Ed. 2d 229 (1994), the Supreme Court set out a two-part inquiry for determining whether a statute has an impermissible retroactive effect. *Id.* at 280. The same test can be used to evaluate whether a regulation has a retroactive effect. *See Kankamalage v. INS*, 335 F.3d 858, 862 (9th Cir. 2003). The first step requires the Court to determine whether the regulation clearly expresses that it is to be applied retroactively. *See Landgraf*, 511 U.S. at 280; *Labojewski v. Gonzales*, 407 F.3d 814, 818 (7th Cir. 2005); *Mejia v. Gonzales*, 499 F.3d 991, 997 (9th Cir. 2007). If not, the Court considers whether application of the regulation would have a retroactive effect, meaning that it

would impair vested rights or attach new consequences to completed transactions.  *See Landgraf*, 511 U.S. at 280.  "The conclusion that a particular rule operates 'retroactively' comes at the end of a process of judgment concerning the nature and extent of the change in the law and the degree of connection between the operation of the new rule and a relevant past event."  *Id.* at 270; *see Labojewski*, 407 F.3d at 819.  A regulation has a "retroactive effect when it 'takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability, in respect to transactions or considerations already past.'"  *INS v. St. Cyr*, 533 U.S. 289, 321, 121 S. Ct. 2271, 150 L. Ed. 2d 347 (2001) (*quoting Landgraf*, 511 U.S. at 269); *see Labojewski*, 407 F.3d at 818; *Mejia*, 499 F.3d at 997 (quoting *St. Cyr* and explicitly applying this retroactivity framework to administrative regulations).  "A statute does not operate 'retrospectively' merely because it . . . upsets expectations based in prior law."  *Landgraf*, 511 U.S. at 269.  Determining whether a regulation has a retroactive effect requires a "commonsense, functional judgment about 'whether the new provision attaches new legal consequences to events completed before its enactment.'"  *Martin v. Hadix*, 527 U.S. 343, 357-58, 119 S. Ct. 1998, 144 L. Ed. 2d 347 (1999) (*quoting Landgraf*, 511 U.S. at 270); *see Labojewski*, 407 F.3d at 819.  The analysis also requires an "assessment of 'familiar considerations of fair notice, reasonable reliance, and settled expectations' to determine whether a statute [here, a regulation] operates retroactively in the case before the court."  *Labojewski*, 407 F.3d at 819 (*quoting Landgraf*, 511 U.S. at 270).

### B.  Section 656.30(b) Is Not Retroactive

The INA does not expressly authorize the Secretary of Labor to issue retroactive regulations.  Therefore, regulations adopted pursuant to the Secretary's authority to enforce

Section 1182(a)(5) cannot operate retroactively. As noted above, Section 656.30(b) provides that labor certifications expire if not filed in support of a visa petition within 180 days of the later of July 16, 2007, the effective date of the regulation, and the date the DOL approved the certification. 20 C.F.R. § 656.30(b) (2008). In making the "commonsense, functional judgment" about whether the 180-day expiration period has an impermissible retroactive effect, the Court must consider whether any vested rights or settled expectations based in prior law were disturbed, whether there was fair notice of the change, and whether Plaintiffs reasonably relied on the ongoing validity of their labor certifications. The Court may also "balance the possible inequitable results produced by the retroactive application of an administrative rule against the demands of statutory design." *Maceren*, 509 F.2d at 939.

The date the labor certification application was filed is irrelevant to the retroactivity analysis. Filing the application was merely the first step in the process of obtaining a labor certification; it did not create any vested right or settled expectation in the indefinite validity of a certification that had not yet been granted. *See Labojewski*, 407 F.3d at 822-23. Similarly, Plaintiffs cannot claim that they detrimentally or reasonably relied on the indefinite validity of a certification before it was even granted. Therefore, 20 C.F.R. § 656.30(b) does not operate retroactively with respect to labor certifications which were approved after July 16, 2007.[4]

Whether the regulation has an impermissible retroactive effect on labor certifications approved prior to July 16, 2007 warrants a separate analysis. After carefully considering the facts and the applicable law, the Court concludes that Section 656.30(b) does not operate

---

[4] The DOL granted the labor certifications for Country Landscaping and Supply, Inc. and Dikuje Group, Inc. after July 16, 2007. (R. 19 ¶¶ 12, 15; R. 37-2, Attach. 1.)

retroactively. Prior to the adoption of the current Section 656.30(b), a labor certification was "valid indefinitely." 20 C.F.R. § 656.30(a) (2006). As a result, labor certifications approved under the old regulation could be used in support of a visa petition forever. But, "indefinitely" does not mean permanently. For labor certifications approved prior to July 16, 2007, the new regulation replaced that indefinite validity with an expiration of 180 days after July 16, 2007 unless filed in support of a visa petition within that time. *See* 20 C.F.R. § 656.30(b)(2) (2008).

Plaintiffs argue that they have a "vested right to an approved labor certification that was valid indefinitely." (R. 39 at 15.) Although Plaintiffs' approved labor certifications created a settled expectation that they could file visa petitions, the six-month expiration did not impermissibly impair that settled expectation.[5] The new regulation only slightly impaired Plaintiffs' rights in their labor certifications acquired under the prior regulation. Unlike the regulation found impermissibly retroactive in *Maceren*, 509 F.2d 934 (9th Cir. 1974), a case relied on by Plaintiffs, which immediately invalidated all existing labor certifications older than one year, *id.* at 938, the regulation at issue here did not render already granted labor certifications instantly worthless. Instead, Section 656.30(b) provided applicants 180 days, or six months, after the regulation became effective to preserve the validity of their labor certifications by submitting a visa petition to the DHS. In addition, any slight impairment is far

---

[5] In their Reply Memorandum, Plaintiffs assert for the first time that the regulation also retroactively impairs the right of aliens with labor certifications filed on or before April 30, 2001 to file for adjustment of status (R. 39 at 14). *See* 8 U.S.C. § 1255(I) (2000). Once their labor certifications expired, those aliens were no longer eligible for adjustment of status. (R. 39 at 14.) This additional consequence does not alter the analysis because, like the right to file a visa petition, the right to file for adjustment of status remained unimpaired for six months after the regulation's effective date and there is no suggestion that the affected Plaintiffs detrimentally relied on their continuing ability to file for adjustment of status.

outweighed by the important statutory and regulatory benefits of the regulation. Section 656.30(b) was adopted to reduce fraud in and abuse of the labor certification process and to protect the American labor market. *See 2007 Labor Certification Notice*, 72 Fed. Reg. at 27904. Those goals are directly advanced by applying the new regulation to all outstanding labor certifications.

Next, Plaintiffs had "ample warning that the new law could be applied to [them] and ample opportunity to avoid that very possibility" by filing petitions within 180 days. *See Fernandez-Vargas v. Gonzales*, 548 U.S. 30, 45, 126 S. Ct. 2422, 165 L. Ed. 2d 323 (2006). Significantly, Plaintiffs were given six months, plus the warning inherent in the Notice of Proposed Rulemaking of February 13, 2006, to file a visa petition and avoid any adverse consequences. *See 2007 Labor Certification Notice*, 72 Fed. Reg. at 27906. The challenged regulation provided significant time for Plaintiffs to file a petition, and Plaintiffs have proffered no excuse or explanation for delaying to do so for over six months.

Finally, Plaintiffs do not even suggest that they detrimentally relied on the indefinite validity of their labor certifications. In *INS v. St. Cyr*, 533 U.S. 289, 121 S. Ct. 2271, 150 L. Ed. 2d 347 (2001), the Supreme Court found a statute impermissibly retroactive when it eliminated the possibility of discretionary relief from deportation for aliens who relied on the possibility of relief when they chose to plead guilty instead of going to trial. *Id.* at 325-26. Unlike cases like *St. Cyr* in which courts have invalidated statutes for being impermissibly retroactive, Plaintiffs here did not sacrifice any right in reliance on a settled expectation that their labor certifications would remain valid forever. *See Labojewski*, 407 F.3d at 822. Therefore, no interests based on reasonable reliance are impaired by applying the challenged regulation to Plaintiffs. In sum, the

Court finds that 20 C.F.R. § 656.30(b) has no improper retroactive effect because it does not unfairly impair any rights acquired before the regulation's effective date, and any hardship from applying the expiration date to certifications granted prior to the regulation's effective date is mitigated because the new regulation was preceded by fair notice and ample opportunity to avoid any negative consequences.[6]

## CONCLUSION

For the foregoing reasons, the Court denies Plaintiffs' Motion for Summary Judgment, and grants Defendants' Motion for Summary Judgment.


DATED: November 4, 2008                          ENTERED


                                                 _____
                                                 AMY J. ST. EVE
                                                 United States District Court Judge

---

[6] Plaintiffs argue that Section 656.30(b) violates the definition of "rule" in the Administrative Procedure Act ("APA") because it operates retroactively. (R. 18 at 19-20.) The APA defines a "rule" as "an agency statement of general or particular applicability and *future effect*." 5 U.S.C. § 551(4) (2000) (emphasis added). Because the Court finds that the regulation does not have any retroactive effect, Section 656.30(b) complies with this definition.